UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Robert Helfing | Steven Snow<br>John Holcomb<br>Matthew Falley<br>Tamara Dewar | |

**Proceedings:**  **DEFENDANT FACTORY FIVE RACING, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS** (filed 01/23/09)**[DEFENDANT INTERNET COMMUNITY PARTNERS, LLC dba FFCOBRA.COM'S JOINDER** (filed 01/27/09)**]**

## I.    INTRODUCTION

On December 1, 2008, plaintiffs Carroll Shelby, Carroll Hall Shelby Trust and Carroll Shelby Licensing, Inc., filed the instant suit against defendants Factory Five Racing, Inc. ("Factory Five"); LK Motorsports; and Internet Community Partners, LLC dba ffcobra.com alleging claims for (1) infringement of registered trademarks pursuant to 15 U.S.C. § 1117; (2) infringement of unregistered trademarks pursuant to 15 U.S.C. § 1125(a)(1)(A); (3) trademark dilution pursuant to 15 U.S.C. § 1125(c); (4) false advertising pursuant to 15 U.S.C. § 1125(a)(1)(B); (5) common law unfair competition; (6) violation of Cal. Bus. & Prof. Code §17200; and (7) violation of common law right of publicity.

On January 23, 2009, defendant Factory Five Racing, Inc. filed the instant motion to dismiss or, in the alternative, to transfer the case to the United States District Court for the District of Massachusetts. On January 27, 2009, defendant Internet Community Partners, LLC filed a notice of joinder. On January 29, 2009, defendant LK Motorsports

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

filed a notice of joinder. On February 9, 2009, plaintiffs filed an opposition. On February 13, 2009, defendants filed a reply.[1] A hearing was held on February 23, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.   BACKGROUND**

   **A.   The Instant Litigation**

Plaintiff Carroll Shelby is the creator of various cars known as Shelby Cobras, including the Daytona Coupe. Plaintiffs allege that Ford Motor Company, which owns the trademark "Cobra" and certain related logos, granted Carroll Shelby an exclusive worldwide license to use the Cobra trademarks. Plaintiffs allege that defendants advertise and promote the sale of cars bearing designs confusingly similar to the Daytona Coupe. Plaintiffs allege that defendants use trademarks licensed to plaintiffs in the metatags of their website (www.factoryfive.com) to draw internet traffic to the site. Plaintiffs allege that defendants also operate a website with the domain name www.ffcobra.com to sell their products. Plaintiffs allege that www.ffcobra.com contains repeated, unauthorized uses of the trademarks "Shelby," "Shelby Cobra" and "Cobra" in connection with their vehicles.

   **B.   The 2000 Litigation**

On March 3, 2000, plaintiffs Carroll Shelby, Carroll Shelby Licensing, Inc. and Shelby American, Inc. sued Factory Five in the United States District Court for the District of Massachusetts alleging that Factory Five was using certain Ford and/or Shelby trademarks, including the alleged Cobra mark, or confusingly similar trademarks in connection with Factory Five's marketing, sale, and distribution of "kit cars." Mot. at 2. Plaintiffs in the 2000 litigation alleged claims for trademark infringement, counterfeiting, dilution and unfair competition under the Lanham Act and Massachusetts law. On

---

[1] On February 18, 2009, plaintiffs filed an ex parte application for leave to file a surreply. On February 19, 2009, defendants filed an opposition to plaintiffs' ex parte application. The Court granted plaintiff's ex parte application on February 20, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

February 11, 2002, the parties settled the 2000 litigation. Id. As part of the settlement, the parties agreed to the entry of an Injunction and Final Judgment by Consent ("Injunction and Final Judgment"), which enjoined Factory Five from

> using through any medium, including the Internet, the names or marks COBRA, FORD, COBRA snake design, 427 COBRA, 427 S/C, 427 S/C COBRA, SHELBY, SHELBY COBRA, DAYTONA COUPE, DAYTONA COUPE COBRA, FIA 289, FIA 289 COBRA, GT350, 289 COBRA, GT350 COBRA, any confusingly similar design of a snake, or any other confusingly similar name or mark, or derivative of the Ford/Shelby Marks, as a trademark, trade name or domain name, on or in connection with the marketing, sale or distribution of motor vehicles, kit cars, parts and accessories for kit cars, automotive parts and accessories, or any other products not made by Ford or Shelby or their duly authorized licensees.

Taylor Decl. Ex. 1, ¶ 3.1. The Injunction and Final Judgment also enjoined Factory Five from

> using the Ford/Shelby Marks and names or any similar name or mark that is likely to dilute the distinctiveness of the Ford/Shelby Marks and names or likely to tarnish the goodwill of the Ford/Shelby Marks and names
> . . .
> using the Ford/Shelby Marks and names or any similar name or mark in a way that is likely to induce the belief that FFR's business or products are in any way connected with Ford's or Shelby's businesses, products or services or are sponsored or approved by Ford or Shelby.

Id. ¶¶ 3.1-3.2.

     Defendants argue that the Injunction and Final Judgment was intended to permanently end all disputes between Factory Five and Shelby relating to the Ford/Shelby Marks and Factory Five's manufacture of its 427 Roadster and Type 65 Coupe kit cars. Mot. at 3. Defendants contend that Shelby agreed to dismiss with prejudice all trade dress claims, whether asserted or unasserted, relating to these vehicles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

> All claims and defenses that have been asserted or could have been asserted as of this date for use of the Ford/Shelby Marks and names or any confusingly similar name, mark or domain name, are hereby satisfied and extinguished and dismissed with prejudice, subject only to each party's right to assert those names or marks in an attempt to enforce compliance with this Final Judgment. **Shelby dismisses with prejudice all claims that have been asserted or could have been asserted relative to the trade dress or designs of FFR's kits, including but not limited to the kits known as the 427 Roadster and the Type 65 Coupe.**

Id. (citing Taylor Decl. Ex. 1 ¶ 9) (defendants' emphasis). Defendants further argue that Shelby was required under the Injunction and Final Judgment to give Factory Five 30 days notice and an opportunity to cure any alleged violation. Id. at 4.

## III. LEGAL STANDARD

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV.   DISCUSSION

### A.   Motion to Transfer Venue

Defendants argue that this suit should be transferred to the District of Massachusetts pursuant to 28 U.S.C. §§ 1404 & 1406. Defendants contend that plaintiffs' suit in Massachusetts was filed first and therefore should take precedence. Id. at 12 (citing Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991); Bryant v. Oxxford Express, Inc., 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000)). Defendants argue that this case should be transferred to the District of Massachusetts because such a transfer is "in the interest of justice because it promotes comity, efficient use of judicial resources, and avoids potentially inconsistent results." Id. Defendants further argue that plaintiffs' choice of forum does not deserve deference because plaintiffs have engaged in forum shopping. Id. (citing Alltrade, 946 F.2d at 625).

Plaintiffs respond that 28 U.S.C. § 1406 is "wholly inapplicable" because venue is proper in this district. Opp'n at 11. Plaintiffs further respond that the Court should not transfer this case to the District of Massachusetts based on 28 U.S.C. § 1404(a). Id. at 12. Plaintiffs argue that defendant LK Motorsports, which is located in Hermosa Beach, California would not be subject to personal jurisdiction in the District of Massachusetts. Id. Plaintiffs further argue that their choice of forum is entitled to deference. Id. at 13 (citing Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998)). Moreover, plaintiffs argue that a transfer would not serve the convenience of the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

and witnesses. Id. at 14. Plaintiffs contend that they, and defendant LK Motorsports, are located in this District. Id. Plaintiffs further contend that Superformance LLC, currently the exclusive licensee of the Daytona Coupe trade dress, is also located in this District and a key witness in this case. Id. at 14-15. Moreover, plaintiffs argue that the Court is familiar with California law. Id. at 15.

Plaintiffs further respond that the "first to file" rule does not support the transfer of this action. Id. (citing Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 270 (C.D. Cal. 1998)). Plaintiffs argue that only one of the three defendants in this action was named in the 2000 litigation. Id. at 16. Plaintiffs further argue that the claims in the two actions are "similar only in that the earlier case involved claims for earlier infringements of some of the same trademarks at issue here." Id. Plaintiffs contend that the instant action involves claims for false advertising and violation of the right of publicity that were not asserted in the 2000 litigation and arose long after the 2000 litigation was resolved. Id.

In deciding whether to transfer a case pursuant to 28 U.S.C. § 1404, the Court must undertake a "flexible and individualized analysis" of "factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). One of these factors is "whether one circuit is more familiar with the same parties and issues or related issues than other courts." Oil, Chemical & Atomic Workers Local Union No. 6-418 v. NLRB, 694 F.2d 1289, 1300 (D.C. Cir. 1982).

The Court concludes that this case should be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404. The 2000 litigation was filed before the instant litigation and the two actions involve substantially similar parties and issues – the crux of both actions is Factory Five's allegedly unlawful use of the Shelby parties' marks in the marketing, sale, and distribution of its products. The "interests of justice" are best served by transferring this case to the United States District Court for the District of Massachusetts, which has already dealt extensively with this dispute between the parties. Weinberger v. Tucker, 391 F. Supp. 2d 241, 245 (D.D.C. 2005) ("In this case, the interests of justice strongly support a transfer to the court that reviewed and decided the prior litigation between the parties and their privies,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7881 CAS (JTLx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | CAROLL SHELBY; ET AL. v. FACTORY FIVE RACING, INC.; ET AL. | | |

especially because this case turns on the preclusive effect of that court's judgment.").[2]

**B.    Motion to Dismiss**

In light of the Court's ruling on defendants' motion to transfer, the Court declines to reach the merits of defendants' motion to dismiss.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to transfer to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Although plaintiffs argue that defendant LK Motorsports would not be subject to personal jurisdiction in the District of Massachusetts, LK Motorsports has joined in this motion and presumably would be willing to stipulate to personal jurisdiction in Massachusetts.